IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:23-cv-00346-M-BM

ANTHONY MCNEILL,

    Plaintiff,

v.

MARTIN O'MALLEY[1],
*Commissioner of Social Security*,

    Defendant.

ORDER

This matter comes before the court on the Memorandum and Recommendation (M&R) issued by United States Magistrate Judge Brian S. Meyers. DE 14. Judge Meyers recommends that this court affirm the final decision of the Commissioner. *Id.* Plaintiff filed a timely objection to the M&R, contending that the Magistrate Judge did not properly incorporate Plaintiff's use of a hand-held assistance devise when assessing his residual functional capacity ("RFC"). DE 17 at 2. After a de novo review, the court finds that the ALJ committed no error, overrules Plaintiff's objection, and adopts in full the rationale and conclusion of the M&R.

## I. Standard of Review

A magistrate judge's recommendation carries no presumptive weight. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023). The court "may accept, reject, or modify, in whole or in part, the . . . recommendation[ ] . . . receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); *accord Mathews v. Weber*, 423 U.S. 261, 271

---

[1] Following the commencement of this action, Martin O'Malley replaced Kilolo Kijakazi as Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Martin O'Malley is automatically substituted as Defendant.

(1976). The court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1). Absent a specific and timely objection, the court reviews only for "clear error" and need not give any explanation for adopting the recommendation. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

A reviewing court must uphold a Social Security disability determination if "(1) the ALJ applied the correct legal standards and (2) substantial evidence supports the ALJ's factual findings." *Arakas v. Comm'r, Soc. Security Admin.*, 983 F.3d 83, 94 (4th Cir. 2020). Evidence is substantial when "a reasonable mind might accept [it] as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). This does not require "a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Instead, the evidence must be "more than a mere scintilla . . . but may be less than a preponderance." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). Although a court should not "reflexively rubber-stamp the ALJ's findings," a court reviewing for substantial evidence cannot "re-weigh conflicting evidence, make credibility determinations, or substitute its judgment" for the ALJ's. *Arakas*, 983 F.3d at 95. It is enough for the reviewing court to ensure that the ALJ "buil[t] an accurate and logical bridge from the evidence to their conclusions." *Id.* (cleaned up).

Under § 636(b)(1), the claimant's objections to the M&R must be "specific and particularized" to facilitate district court review. *United States v. Midgette*, 478 F.3d 606, 621 (4th Cir. 2007). On the other hand, "general and conclusory objections that do not direct the court to a specific error" in the M&R fall short of this standard. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (concluding that de novo review was still required under these decisions where a pro se litigant had objected to specific factual findings in the M&R).

2

## II. Analysis

Plaintiff does not object to the M&R's "Statement of the Case," "Standard of Review," "Disability Evaluation Process," "ALJ's Findings," or "Discussion" subsections A or C. After careful review and finding no clear error with those sections, the court adopts and incorporates by reference those portions of the M&R as if fully set forth herein. *See Diamond*, 416 F.3d at 315.

Plaintiff's sole objection on review is that the Magistrate Judge did not adequately incorporate his need for a cane to assist with balancing and standing when assessing the RFC. DE 17 at 3. Plaintiff believes that the Magistrate Judge (1) conflated his need for crutches with his need for a cane when analyzing the sufficiency of the evidence, (2) inappropriately excluded medical opinions issued after the date last insured, and (3) lacked substantial evidence to recommend affirming the Commissioner's final decision. DE 19 at 1. The court disagrees on all three counts, so it finds no error.

An "ALJ must consider the impact of a 'medically required' hand-held assistance device" when assessing a claimant's RFC. *Williams v. Berryhill*, 2018 WL 457681, at *3 (E.D.N.C. May 17, 2018) (cleaned up). When doing so, S.S.R. 96-9p provides guidance: "[t]o find that a hand-held assistance device is medically required, there must be medical documentation establishing the need for a hand-held assistance device to aid in walking or standing, and describing the circumstances for which it is needed." S.S.R 96-9, 1996 WL 374185, at *7 (July 2, 1996).

Here, Plaintiff's RFC through the date last insured was "limited to jobs that could be performed while using a cane as a handheld assistive at all times when walking, while the free hand and arm could be used to lift or carry small items within the above limits while walking." DE 6 at 710. Notably, it says nothing about the use of a cane to stand or balance.

First, the court addresses the conflation issue. If, in fact, the Magistrate Judge and the ALJ had considered medical evidence of Plaintiff's need for crutches as if it addressed Plaintiff's need

3

for a cane, there may have been an issue. It would have been difficult to track the ALJ's rationale and ensure that substantial evidence existed for the RFC findings. *See Arakas*, 983 F.3d at 94. But, that is not the case. It is unclear where Plaintiff believes the two issues were "merged," [DE 17 at 2], but both the Magistrate Judge and the ALJ treated the two devices as separate issues to be independently analyzed. *Compare* DE 14 at 15–16 (considering whether medical evidence supported Plaintiff's need for crutches at the date last insured) *with id.* at 16–17 (considering whether Plaintiff identified material inconsistencies supporting his need for a cane to stand and balance); *compare* DE 6 at 712 (discussing the ALJ's findings regarding Plaintiff's need for crutches) *with id.* at 215–16, 218 (discussing the ALJ's findings regarding Plaintiff's need for a cane). These discussions happen in close proximity to one another, but they are sufficiently distinct.

More substantively, Plaintiff takes issue with the treatment of several medical opinions. DE 17 at 4. The Magistrate Judge noted that the "relevant opinions" on Plaintiff's use of an assistance device were issued years after his date last insured by "medical providers who were not treating [him] at the time." DE 14 at 16. Plaintiff argues that these opinions are often retroactive by nature, and given Fourth Circuit caselaw, the ALJ was compelled to consider them. *Id.* at 5. This point is both correct and irrelevant. It is true that "an ALJ must give retrospective consideration to medical evidence created after a claimant's last insured date when such evidence may be 'reflective of a possible earlier and progressive degeneration.'" *Bird v. Comm'r of Soc. Sec. Admin.*, 669 F.3d 337, 345 (4th Cir. 2012) (quoting *Moore v. Finch*, 418 F.2d 1224, 1226 (4th Cir. 1969). The ALJ here did that. *See* DE 6 at 711–19. This does not mean, however, that all retroactive opinions are created equal; they must, after all, be "reflective" of a former medical

4

status. *Moore*, 418 F.2d at 1226. The more removed a medical opinion, the more difficult it will be to ensure that it accurately encapsulates a patient's prior health.

The record here reflects that. The ALJ notes repeatedly that the "available medical records through the date last insured show[] 5/5 strength outside of the left great toe, no sensory deficits or gross neurological defects, no significant joint deformities or edema, and no regular use of an assistance device." DE 6 at 711. The ALJ contrasts this with the available reports issued *after* the relevant date, in greater measure as time progresses. For example, in May 2013—nearly a year-and-a-half after Plaintiff's last date insured—Daniel Laut, DPM opined that Plaintiff "should avoid significant standing or walking." *Id.* at 714. By 2021, Craig Bash, M.D. reports that by the date last insured, before even the 2013 report was issued, Plaintiff "could stand no more than an hour in an 8-hour workday." *Id.* at 718. The progression in the severity of the diagnosis is noteworthy, and it is unsurprising that the ALJ questioned a report issued a decade after the relevant period, particularly when it differed significantly from the reports issued earlier. In any event, the ALJ did not abrogate his duty by failing to consider the later-issued reports' relevance to Plaintiff's former medical status.

Finally, the ALJ's findings were supported by substantial evidence. Plaintiff attempts to avoid this conclusion by pointing to other medical opinions, DE 17 at 7–8, but he falls short. It is not the job of the court to "re-weigh conflicting evidence, make credibility determinations, or substitute its judgment" for the ALJ's. *Arakas*, 983 F.3d at 95. The court reviews simply to ensure that the evidence is enough for "a reasonable mind [to] accept [it] as adequate." *Richardson*, 402 U.S. at 401. Here, given that the medical opinions generally agree on Plaintiff's difficulty walking but differ as to how that problem affects his ability to stand and balance, there was substantial evidence to support the RFC findings.

5

### III. Conclusion

For the foregoing reasons, the court ADOPTS the M&R in full and AFFIRMS the final decision of the Commissioner. The Clerk of Court is DIRECTED to enter judgment in favor of Defendant, forward a copy of this order to Plaintiff and counsel of record, and close the case.

SO ORDERED this 27th day of September, 2024.

*Richard E Myers II*
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE